JACKSON, ex dem. The People, *vs.* BROWN.

</div>

A *monied corporation* having authority to convey real estate, may pledge the same by *mortgage* in security for the payment of its debts.

Authority to such corporation, to take real estate in payment of its debts either by conveyance or purchase under judgment in its favor, involves, *it seems*, the power subsequently of selling and conveying the same.

The comptroller is the general agent of the state in its fiscal department, and has authority without any express legislative provision to accept additional collateral security from the debtors of the state.

THIS was. an action of ejectment, tried at the Erie circuit in April, 1830, before the Hon. ADDISON GARDNER, one of the circuit judges.

The plaintiff claimed the premises in question under a mortgage from the Bank of Niagara to the people of the state, bearing date the 10th September, 1818, registered in the office of the secretary of state the 25th September, 1819. The plaintiff produced an exemplification of a mortgage between " The President, Directors and Company of the Bank of Niagara, by John G. Camp, their cashier, and lawful attorney, thereunto duly authorized, of the first part, and the people of the state of New-York of the second part," signed John G. Camp, cashier. L. S. The defendant objected to the exemplification as evidence, insisting, 1. That

the Bank of Niagara had not the power to convey lands by mortgage to secure the payment of a debt; 2. That a mortgage to the people was not good unless authorized by statute; 3. That a corporation can convey lands only under its corporate seal; that no authority by seal was shewn to have been conferred on Camp, and that the conveyance appeared to be under the individual seal of Camp, and not under the seal of the corporation. The judge reserved the questions, and permitted the evidence to be read to the jury. The plaintiff then proved a resolution of the board of directors of the Bank of Niagara of 21st July, 1819, requesting the cashier of the corporation to execute a bond to the people of the state for the amount due them by the bank, and also to assign as collateral security, bonds, mortgages and other property given by individuals to the bank, to the amount of the debt due the state; and further, that the directors knew that the cashier executed the mortgage in question, and never disapproved of it. Whereupon the judge decided that the resolution conferred sufficient authority on the cashier to execute the mortgage; that it was not necessary that the power to Camp should be conferred under the corporate seal, nor that it should accompany the mortgage; that the resolution having been passed, and the act of the cashier not having been disapproved, the mortgage was binding upon the bank, and operative, although executed to the people of the state without any express statute. The plaintiff then proved a foreclosure of the mortgage and a conveyance to the people under a sale by advertisement. On the part of the defendant, several judgments against the Bank of Niagara were shewn, docketed 12th March, 1820, and executions and sales thereon, under which the defendant was in possession of the premises, and claimed to hold. The jury found for the plaintiff. The defendant having excepted to the several decisions of the judge, now moved for a new trial.

*I. S. Smith*, for the defendant. The Bank of Niagara had not the power to execute a mortgage of its real estate; none such is conferred by its charter, nor is it necessarily incident to the powers granted. 15 *Johns. R.* 358. 2 *id.* 109.

Nor had the comptroller of the state the power to take the mortgage for a debt due the state ; his authority in this respect was limited to the taking of bonds and mortgages for *loans* made by the state. The comptroller has no more authority than a private citizen to take a mortgage to the state. Authority to execute a mortgage could not be conferred by resolution, it should have been under the corporate seal. Besides, the agent exceeded the power granted ; he was authorized to *assign* bonds and mortgages and other property, not to execute a mortgage. *5 Johns. R. 58. 2 Wendell,* 487. A corporation, like an individual, may create an agent by *parol,* but under a parol power a deed cannot be executed ; when the act to be performed is to be by *deed,* the attorney must be authorized by *deed.* 1 *Dane's Abr.* 294. 6 *id.* 124. A mortgage may be *assigned* by parol, but cannot be *created* by parol. The seal of an attorney of an individual is the seal of the principal ; but when the attorney acts for a corporation, its seal must be used or it is not bound. 19 *Johns. R.* 60.

*Greene C. Bronson,* (attorney general,) for the plaintiff. The bank by its act of incorporation is authorized to hold and convey real estate for certain purposes. And though the power of mortgaing its property is not expressly given, it is incidental to the powers granted ; a corporation may use its funds as it deems most beneficial in the securing or paying of its debts.

It is conceded there must be an assent on the part of the government to the act of the comptroller in taking the mortgage. It being beneficial to the state, its assent is to be presumed. The seeking satisfaction of the mortgage, is evidence of its adoption by the state. The government can act only by its official agents. The king may take by deed enrolled ; so a deed delivered into the exchequer is a good delivery. *4 Co.* 54. *Comyn's Dig. tit. Prerogative, D.* 66.

The cashier was not the *attorney* of the bank, but merely its *agent* to do a particular act ; he was authorized to *assign* the property of the bank in security of the debt owing the state, and what is a conveyance but an assignment ? From

the bill of exceptions, it would appear there was force in the objection as to the want of the seal of the corporation; it is now obviated by the production of the original mortgage to which the seal of the corporation is attached. It was not necessary to shew the power of the cashier to affix it; the bank are concluded by its seal, and so is the defendant who claims under the bank.

*Smith*, in reply. The defendant acquired the property at a judicial sale, and is not estopped from contesting the title of the plaintiff. The cashier in securing the debt due the state acted as a special agent, and should have adhered to his instructions; he was not authorized to execute a mortgage or to affix the seal of the corporation, and, without express authority, his so doing was a nullity; it was not within the compass of his ordinary duties as cashier.

*By the Court*, SUTHERLAND, J. The bank of Niagara is the common source of title, and if the mortgage to the state was duly executed, delivered and recorded, the plaintiff must recover; the regularity of the foreclosure not being questioned.

The defendant however contends, 1st. That the bank of Niagara had no power to mortgage their real estate; 2d. that if they had, the mortgage in this case was not well executed; 3d. that the comptroller had no authority to accept the mortgage on behalf of the state. We are of opinion that neither of these objections is well founded.

The act of incorporation, *Laws of* 1816, *page* 184, declares that the bank shall be capable of purchasing, holding and conveying any estate, real or personal, for the use of the corporation, provided that such real estate be requisite for the convenient transaction of their business; or such as shall have been bona fide mortgaged to it by way of security or conveyed to it in satisfaction of debts previously contracted in the course of its business, or purchased at sales upon judgments which shall have been obtained for such debts. The case does not disclose the consideration given by the bank for this lot; but it is not for the defendant to deny that

they properly acquired and had a right to hold it.   They are expressly authorized to *convey any estate real or personal, in their possession, for the use of the corporation.*   If such power, however, had not been given in terms, it would have resulted, I apprehend, by necessary implication, from the power of taking by way of mortgage, or by absolute conveyance, in satisfaction of previous debts, or by purchase at sales upon judgments obtained by the bank.   The authority to purchase real estate, when conferred on a monied corporation, if the purpose to which it is to be appropriated is not particularly specified, and all other dispositions of it prohibited, necessarily involves in it the power of subsequently selling and conveying it.   It is not compatible with the purposes and interests of such institutions that their funds should be permanently vested in real estate.   The general authority to sell and convey, includes the authority to mortgage.   A mortgage is but a conditional conveyance.   It would be very extraordinary if this or any other corporation had not the power to appropriate its property to the payment or security of its honest debts.

The objection to the execution of the mortgage is founded on the supposition that it was executed by Camp, the cashier, as the *attorney* of the bank, specially constituted for that purpose, and that it was sealed with his individual seal.   It is shown by the production of the original mortgage, that it was sealed with the seal of the corporation ; and the *resolution* of the board of directors, under which the cashier acted in giving the mortgage, shews that it was not intended to constitute him a special agent or attorney of the bank.   It resolves that the cashier be *requested* to execute a bond, &c. It does not purport to invest him with any new or extraordinary power ; it is a mere expression of the will of the directors that a bond be given, and securities and other property assigned to the state, and a request to the cashier as their general agent, by virtue of his office, to see that their intentions are carried into effect ; that is, that the necessary instruments be drawn in legal form, and the seal of the corporation be affixed to them.   It is as much the act of the corporation as though the cashier, by their verbal request, had

drawn the bond in the presence of the directors, and affixed the seal before they dispersed. It was put in writing merely to perpetuate the evidence of its having been done at the request and by the authority of the board of directors.

The comptroller, as the general agent of the state in its fiscal department, I apprehend has authority, without any express legislative provision upon the subject, to accept additional collateral security from any of the debtors of the state. It is an act so clearly beneficial to the state that its assent is always to be presumed. The original security, whatever it might have been, was not relinquished or impaired. The acceptance of the securities could not be prejudicial to the public, and might be highly advantageous.

When this mortgage was given there was a general statutory provision, that all mortgages given to the people of the state might be registered in the office of the secretary of state; and that such registry should have the same force and effect as though the mortgage had been registered in the city or county where the lands were situated. *1 R. L. 375,* § 11. This registry, therefore, was legal notice to all the world of the existence of the incumbrance.

There was no error in any of the decisions of the judge which have been excepted to, and the motion for a new trial is denied.